FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

APR 17 2006

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ROBERT M. GOBER, III, | : | REMOVAL PETITION |
| Petitioner, | : | 28 U.S.C. §§ 1443, 1446 |
| | : | |
| v. | : | |
| | : | |
| STATE OF GEORGIA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:06-CV-0728-TWT |

## ORDER and OPINION

Petitioner, Robert M. Gober, III, submitted the instant action that seeks, pursuant to 28 U.S.C. § 1446, to remove to this Court an allegedly pending Cobb County criminal prosecution for armed robbery. (Doc. No. 1.) The matter is now before the Court for screening pursuant to 28 U.S.C. § 1446(c)(4), which section requires this Court to promptly examine an attempt to remove a state criminal prosecution, and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."[1]

---

[1] Gober has not paid a filing fee, and when an action is subject to summary dismissal, this Court generally grants in forma pauperis status for the purpose of dismissal. However, because filing fees are not required for removal of a criminal action under § 1443, it is not necessary to grant Gober in forma pauperis status in this action. See Lefton v. City of Hattiesburg, Miss., 333 F.2d 280, 285 (5th Cir. 1964).

## I. Discussion

Petitioner asserts that he is being denied his equal civil rights under the United States Constitution and seeks removal of his state criminal proceedings to this Court. (Doc. No. 1 at 1 and ¶ 18.) Petitioner states that, in 1997, he was convicted in the Cobb County Superior Court of bank robbery.[2] (Id. ¶ 1.) Petitioner contends that, in 2003, a new trial was held–apparently against Petitioner and his co-defendant who had "been on escape for approximately 7 years." (Id. ¶¶ 1, 4-8.) Petitioner states that, following the new trial, his co-defendant was released. Indicating no change in his own status, Petitioner states that: (1) his counsel filed a second motion for a new trial, (2) the second motion was only heard after he filed a mandamus petition, and (3) the second motion was denied on an unspecified date after June 19, 2004. (Id. ¶¶ 8-11.) Petitioner claims that, because he was not appointed counsel for appeal,[3] he effectively has been denied his right to appeal the denial of the second motion for a new trial. (Id.

---

[2] The official web site for the Georgia Department of Corrections (GDOC) indicates that, based on the Cobb County armed robbery conviction, Petitioner has been incarcerated since May 1997. www.dcor.state.ga.us at Georgia Inmate Query, GDOC No. 924907.

[3] Petitioner asserts that: (1) although he was granted in forma pauperis status, he was required to pay the appellate filing fee; (2) the trial court did not appoint counsel for appeal; and (3) no brief was filed. (Id. ¶¶ 13-14.)

¶¶ 12-14.) Petitioner states that (1) he filed a second mandamus petition seeking to obtain counsel for appeal, (2) the second mandamus petition has been reassigned to a judge outside the Cobb County Circuit, and (3) appointed counsel for the second mandamus proceeding has a conflict of interest and will not fairly represent him. (Id. ¶ 16.)

Petitioner contends that, because he has not, to date, been able to appeal the denial of his second motion for a new trial, those proceedings are "in a state of perpetual abeyance." (Id. ¶ 13.) It appears that Petitioner wishes to remove to this Court the allegedly pending second motion for a new trial. (See id.)

Under Chapter 89 of Title 28, certain state criminal prosecutions may be removed to federal district court. 28 U.S.C. § 1446(a). Removal is allowed for a criminal prosecution commenced in State court "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1).[4] Under § 1443(1), a removal petition "must satisfy a two-pronged test." Johnson v. Mississippi, 421 U.S. 213, 219 (1975).

---

[4] Section 1443(2) "covers only federal officers and those acting under them," and is not applicable. Bell v. Taylor, 509 F.2d 808, 809 n.1 (5th Cir. 1975) (citing Greenwood v. Peacock, 384 U.S. 808, 814-15 (1966)).

3

AO 72A
(Rev.8/82)

First, a petitioner must show the deprivation of a right that "arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" Id. at 219-20 (citation omitted). Second, the deprivation generally must "be manifest in a formal expression of state law." Id. (giving as an example a law that allows an African American to be criminally prosecuted for trespass for having entered a public restaurant). Thus, § 1443 safeguards against States prosecuting persons for having exercised their federally protected civil right to racial equality. Georgia v. Rachel, 384 U.S. 780, 791 (1966).

Here, the second motion for a new trial has been denied, and it does not appear that Petitioner is subject to any pending state criminal prosecution. Moreover, Petitioner does not allege that he was prosecuted for exercising a federally protected civil right to racial equality. Accordingly, Petitioner may not remove his state proceedings to this court. Because there does not appear to be any pending state criminal prosecution against Petitioner that could be removed and it does not appear that removal has been effected, this Court finds that dismissal is proper rather than remand.

Normally, a challenge to state custody should be brought pursuant to 28 U.S.C. § 2254. However, because it appears that Petitioner has not exhausted his state

remedies in regard to the denial of his motions for a new trial, this Court does not construe the instant action as a federal habeas corpus petition. See 28 U.S.C. § 2254(b)(1)(A).

II. **Conclusion**

For the reasons stated above,

**IT IS ORDERED** that this action is **DISMISSED**.

**IT IS SO ORDERED** this 14 day of April, 2006.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE